## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SURESH CHAGANTI, and<br>VEDAVATH KONDURU | )<br>)<br>) |
| Plaintiffs, | )  No. 08 C 5768<br>) |
| v. | )<br>)  Honorable Charles R. Norgle<br>) |
| MICHAEL CHERTOFF, United States<br>Department of Homeland Security,<br>MICHAEL MUKASEY, Attorney General,<br>F. GERARD HEINAUER, Director of the<br>Nebraska Service Center of the United<br>States Citizenship and Immigration Services, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | |

### OPINION AND ORDER

Before the Court is the Plaintiffs Suresh Chaganti's ("Chaganti") and Vedavathi

Konduru's ("Konduru") (collectively "Plaintiffs") motion for preliminary injunction on their

petition for writ of mandamus, in which they seek an order from this Court requiring the

Defendants to grant the Plaintiffs' requests for employment authorization on or before October

16, 2008. This action challenges what the Plaintiffs purport to be an unreasonable delay by the

United States Citizenship and Immigration Services (USCIS) in processing their I-765

application for employment authorization. The jurisdiction of this Court to grant the relief

requested is directly at issue. For the following reasons, the complaint is dismissed for lack of

subject matter jurisdiction.

### I. BACKGROUND

The Plaintiffs, operating on a *pro se* basis, are natives of India and are currently working

in the United States. Chaganti is a program manager for a company called Synch-Solutions

located in Chicago, Illinois. Chaganti's wife, Konduru, is a technology engineer with Cabot Microelectronics located in Aurora, Illinois. On July 2, 2007 Plaintiffs filed an I-485 application for Adjustment of Status to become permanent residents of the United States. While their applications were pending, the Plaintiffs obtained interim work authorizations and travel benefits on October 17, 2007, with validity until October 16, 2008. With the expiration of their interim work authorizations on the horizon, the Plaintiffs filed with the USCIS, on June 20, 2008, a form I-765, seeking a renewal of their employment authorizations.

According to the Plaintiffs' affidavits, on September 9, 2008 Plaintiffs sought to expedite the adjudication of their request. The next day, on September 10, 2008 the USCIS denied Chaganti's request. As to Konduru, the USCIS requested that she submit additional documents to support the request to expedite, which included a letter from her employer that detailed the business emergency that the company would incur if it could not employ Konduru. Konduru complied with this request. Despite the denial of Chaganti's request, he also submitted to the USCIS additional documents and letters to support his request to expedite.

The USCIS responded to Plaintiffs' renewal applications on September 10, 2008 and on September 17, 2008, respectively. In the response, the USCIS requested that each of the Plaintiffs submit two passport-style photographs. The Plaintiffs responded to the government's request, which, according to Plaintiffs, was evidenced on the USCIS website. As of October 4, 2008 the USCIS has not adjudicated Plaintiffs' applications for renewal of employment authorization. The Plaintiffs therefore turned to this Court for relief.

## II. DISCUSSION

At the outset, the Court reminds the parties that its determination of subject matter jurisdiction takes priority over the merits of Plaintiffs' claims. See Leguizamo-Medina v.

Gonzales, 493 F.3d 772, 774 (7th Cir. 2007). If in the end the Court finds that subject matter

jurisdiction does not exist, the Court must refrain from deciding this case on the merits. See,

e.g., id. ("Subject-matter jurisdiction always comes ahead of the merits.") (citing Steel Co. v.

Citizens for Better Environment, 523 U.S. 83, 94 (1998)); see also Ex parte McCardle, 7 Wall.

506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction

is power to declare the law, and when it ceases to exist, the only function remaining to the court

is that of announcing the fact and dismissing the case.").

With this in mind, our analysis must begin with the express language of Congress's 2005

amendment to the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(B), which provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including
> [28 U.S.C. § 2241], or any other habeas corpus provision, and [28 U.S.C. §§ 1361
> and 1651], and except as provided in subparagraph (D), and regardless of whether
> the judgment, decision, or action is made in removal proceedings, *no court shall
> have jurisdiction to review*
>
> (i)  any judgment regarding the granting under section...1255 [of adjustment of
> status]...or
>
> (ii) *any other decision* of the Attorney General or the Secretary of Homeland
> Security the authority for which is specified...to be in the discretion of the
> Attorney General or the Secretary of Homeland Security...

8 U.S.C. § 1252 [emphasis supplied]. This language is both palpable and unambiguous. It

means, as this Court has held before, that courts are precluded from reviewing *any* discretionary

decisions or actions of the USCIS. E.g., Sharif v. Chertoff, 497 F. Supp. 2d 928, 931 (N.D. Ill.

2007); Safadi v. Howard, 466 F. Supp. 2d 696, 698 (E.D. Vir. 2006). This bar applies broadly to

all discretionary decisions of the Attorney General and the USCIS made under the authority of

sections 1151 and 1378 of Title 18 of the United States Code. See El-Khader v. Monica, 366

F.3d 562, 566 (7th Cir. 2004). The statutory language above raises the immediate issue of

whether § 1252(a)(2)(B)(ii) expressly prohibits this Court to issue mandamus relief with regard

to the pace at which the USCIS adjudicates a petitioner's application for employment authorization. We find that it does.

Under the Federal Regulations, the Plaintiffs may request employment authorization while their applications for adjustment of status are pending. 8 C.F.R. § 274a.12(c)(9). To keep the authorization current, the Plaintiffs must file a Form I-765 to obtain a renewed document that evidences the USCIS's authorization of their continued employment, which, in this case, Plaintiffs have done. See id. § 274a.13(a)(1). The regulations state that "[t]he approval of applications filed under § 274a.12(c) of this part, except for § 274.12(c)(8), shall be within the discretion of the director or such other officer as the Commissioner may designate." This language places the ultimate decision regarding an alien's pending application for employment authorization within the sound discretion of the director of the USCIS, a delegate of the Attorney General. In this way, Congress stripped the federal courts of their jurisdiction to intrude upon and to review decisions made by a delegate of the Attorney General pursuant to § 274a.12(c), which is precisely the decision that is pending in this case. Accordingly, the Plaintiffs have no jurisdictional basis to institute in this Court a mandamus action to speed up the pace at which the USCIS approves their renewal applications. This Court therefore lacks subject matter jurisdiction to grant the relief requested. See El-Khader, 366 F.3d at 567-68 (dismissing complaint for lack of subject matter jurisdiction where Attorney General has statutory discretion and no legal standard exists to evaluate the exercise of this discretion); see also Bugulu v. Gonzalez, 490 F. Supp. 2d 965, 967 (W.D. Wis. 2007) (finding no subject matter jurisdiction for delays in adjudication of adjustment of status, where discretion for decision rests squarely with Attorney General); Shaikh Afsar Mustafa v. Pasquerell, No. 05 CA 658, 2006 WL 488399, at *5

(W.D. Tex. Jan. 10, 2006) (holding that mandamus relief was unavailable for a claim of delay in the adjustment process).

The Plaintiffs here have submitted to the USCIS applications for employment authorization and complain that their applications have been pending for too long. Because of the alleged delay, Plaintiffs maintain that this Court has jurisdiction to order the USCIS to adjudicate their applications under the Administrative Procedures Act ("APA"), because the APA somehow vests the district courts with jurisdiction to compel agency action that has been unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1); Alkenani v. Barrows, 356 F. Supp. 2d 652, 656 (N.D. Tex. 2005). The Court disagrees with this argument on two grounds.

First, keeping in mind that without jurisdiction the Court must refrain from deciding this case on the merits, Plaintiffs have admitted that the USCIS has been responsive during the application process, which does not evidence an unreasonable delay. According to Plaintiffs' testimony, the USCIS requested additional information and, for the most part, responded to their inquiries and requests. Based on this testimony, it is clear that the USCIS did not sit idly by and ignore Plaintiffs' applications. Indeed, there is nothing to support the argument that any delay that resulted during the application period was "unreasonable." The Plaintiffs sought renewal in June 2008, and the parties have been in touch on more than one occasion since that time. Plaintiffs are not alone in pressing large agencies to move at a faster pace. Accordingly, the APA under the circumstances does not vest the district court with jurisdiction to order the USCIS to speed up the renewal application process for the Plaintiffs.

Second, the APA does not provide an independent basis for jurisdiction. Rather, the APA provides an additional remedy where jurisdiction already exists. Amoakowaa v. Reno, 94 F. Supp. 2d 903, 906 (N.D. Ill. 2000) (citing Balanyi v. Local 1031, Int'l Brotherhood of Elec.

Workers AFL-CIO, 374 F.2d 723, 724 (7th Cir. 1967)). Here, delays by the USCIS in making a decision on an application for employment authorization is not made reviewable by statute, as the Court set forth above. A delay, moreover, is not a final agency action. As such, the APA offers no basis for jurisdiction in this instance and thus this Court must refrain from granting the relief that Plaintiffs request. Afsharzadehyadzi v. Perryman, 214 F. Supp. 2d 884, 888 (N.D. Ill. 2002) (citing Holasek v. U.S. Dep't of Justice, 123 F. Supp. 2d 1126, 1129 (N.D. Ill. 2000)).

## III. CONCLUSION

For these reasons, the complaint is dismissed for lack of subject matter jurisdiction. IT IS SO ORDERED.

ENTER:

CHARLES R. NORGLE, Judge
United States District Court

DATED: 10/16/08

6